UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

J & J Sports Productions, Inc.

    Plaintiff

v.

Alex Matov, and
Oasis Community Center, Inc.
*Dba Oasis Night Club*,

    Defendants

**Case No.
1:16-cv-11864**

## MOTION FOR SANCTIONS AND ATTORNEY'S FEES

Defendant Alex Matov ("Mr. Matov"), by and through undersigned counsel, hereby moves this honorable court for sanctions against Plaintiff J & J Sports Productions, Inc. ("J&J") and its counsel of record Patricia A. Szumowski and Szumowski Law, P.C. pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, arising from their failure to properly conduct a pre-filing investigation of the facts and law underlying the claims asserted in the Complaint and in the request for notice of default against Defendant Oasis Community Center, Inc. ("Oasis"). In support of this Motion, Mr. Matov states as follows:

### Factual Background

On September 13, 2016, J&J through Attorney Szumowski filed the Complaint in this matter against Mr. Matov and Oasis.  Docket No. 1.  The Complaint alleged that Mr. Matov and Oasis were liable pursuant to 47 U.S.C. § 605 and 47 U.S.C. § 553 for an unauthorized broadcast of the boxing match *"The One" Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Championship Fight Program* on September 14, 2013.  Complaint, *generally* (the Complaint also alleges causes of action for conversion and a violation of M.G.L. Ch. 93A under the same

1

facts).  The Complaint alleged that Mr. Matov and Oasis showed the broadcast "at their commercial establishment in Lawrence, Massachusetts located at 147 Jackson Street," which is where Mr. Matov and Oasis were allegedly doing business as "Oasis Night Club."  Complaint, ¶¶ 7-8, 13.  It should be noted that the Complaint was filed on the day that the statute of limitations was to run (three years after the alleged violation).  The Complaint contained no specifics as to why Mr. Matov would be personally liable for the alleged showing of the broadcast at the alleged location of Oasis.  The only time Mr. Matov's name is even mentioned in the Complaint is in Paragraph 7, which states, without any support, that Mr. Matov was "an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Oasis Night Club, operating at 147 Jackson Street, Lawrence, Massachusetts."

However, J&J and Attorney Szumowski filed suit against the wrong parties.  Oasis was not doing business as Oasis Night Club and even if it was, J&J and Attorney Szumowski had no basis to name Mr. Matov personally in the suit.

Mr. Matov was one of three directors of Oasis.  Declaration of Alex Matov, filed herewith, ¶ 2.  Mr. Matov was also the Secretary of Oasis, but he was neither the President nor Treasurer of Oasis.  *Id.*  Oasis was dissolved on or about October 17, 2014 and has had no operations since that time.  *Id.*, ¶ 3.  Prior to its dissolution, Oasis operated the Oasis Health Center and the Oasis Community Center at 120 Broadway in Lawrence, Massachusetts.  *Id.*, ¶ 4.  During the day, the space was used for an Adult Day Care Center.  *Id.*  Occasionally the space would be rented out for family events.  *Id.*

At no time did Oasis or anyone else at 120 Broadway present a Floyd Mayweather fight as referenced in the Complaint in the above captioned case, nor would it have been a proper

venue for such an event.  *Id.*, ¶ 5.  Oasis did not operate the "Oasis Night Club" as referenced in the Complaint and did not have any operations at 147 Jackson Street in Lawrence, Massachusetts, as alleged in the Complaint.  *Id.*, ¶ 6.

On or about November 9, 2016, Mr. Matov's counsel, Attorney Matthew Shayefar, called Attorney Szumowski to discuss the case.  Declaration of Matthew Shayefar, filed herewith, ¶ 3. In that telephone call, Attorney Shayefar asked Attorney Szumowski what her basis was for naming Mr. Matov personally in the Complaint.  *Id.*, ¶ 4.  The only substantial factual claim Attorney Szumowski made in response to Attorney Shayefar's question was that she believed that Mr. Matov's name was on a liquor license.  *Id.*, ¶ 5.

As Oasis was operating an adult day health care center and community center, Oasis did not have a permanent liquor license.  Matov Decl., ¶ 7.  Oasis did not have a bar.  *Id.*  While Oasis may have periodically received one-day liquor licenses for special events, if in fact Mr. Matov's name was on any of these one-day liquor licenses, they were not for the location at 147 Jackson Street.  *Id.*, ¶ 8.  On the rare occasion that a party at the community center called for the service of liquor, Oasis would set up a folding table where it would place the bottles.  *Id.*, ¶ 9.

On November 21, 2016, Attorney Shayefar emailed Attorney Szumowski indicating that she had named the wrong parties in the lawsuit.  Shayefar Decl., ¶ 6 (see also Exhibit 1 thereto). Attorney Szumowski did not respond to that email in any manner until she left a voicemail for Attorney Shayefar on December 1, 2016.  *Id.*, ¶ 7.  By that time, counsel for Mr. Matov had already drafted a Rule 11 letter and served it the same day, providing an opportunity for J&J and Attorney Szumowski to remedy the damages they caused.  *Id.*, ¶ 8 (see also Exhibit 2 thereto). On December 2, 2016, Attorney Shayefar and Attorney Szumowski spoke by telephone and Attorney Szumowski indicated that she would dismiss the Complaint in its entirety and that she

would pay Mr. Matov's reasonable attorney's fees, which she confirmed by email the same day. *Id.*, ¶ 9 (see also Exhibit 3 thereto). On December 6, 2016, Attorney Shayefar forwarded Attorney Szumowski Mr. Matov's bill for attorney's fees, which totaled $9,200 at the time. *Id.*, ¶ 10 (see also Exhibit 4 thereto).

On December 9, 2016, Attorney Szumowski called Attorney Shayefar and told him that she would not pay the legal bill, stating in effect that she believed counsel for Mr. Matov spent too much time on the matter, and that she will just have the court decide what was proper. *Id.*, ¶ 11. Attorney Szumowski specifically complained that Mr. Matov had two legal offices working on the matter. *Id.*, ¶ 12. This is apparently because Attorney Evan Fray-Witzer was working on the matter. Attorney Fray-Witzer is of counsel to Boston Law Group, PC and is even listed on its website as such. *Id.*, ¶ 13.

## Legal Argument

It is more than a little ironic that J&J and Attorney Szumowski – who brought this situation about by their refusal to conduct a proper prefiling investigation – now complain that Mr. Matov's counsel spent the time to do precisely that which J&J and Attorney Szumowski should have done. Mr. Matov's counsel spent reasonable time to do an investigation into the facts and law because they were concerned about that which J&J and Attorney Szumowski ignored: getting the facts and law right.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, by presenting to the court a pleading or other paper, an attorney certifies that to the best of her knowledge, information and belief, *formed after an inquiry reasonable under the circumstances*, that (1) the filing is not being presented for any improper purpose, such as to harass or needlessly increase the cost of litigation, (2) the claims and other legal contentions are warranted by existing law and (3) the

factual contentions have evidentiary support.  F.R.C.P. 11(b)(1), (2) and (3).  By their actions as detailed above, J&J and Attorney Szumowski has utterly failed in their obligations under Rule 11.

Given that the actual facts are so vastly different from the allegations in the Complaint, J&J and Attorney Szumowski could not possibly have performed a reasonable inquiry that the factual contentions in the Complaint had evidentiary support (or even that they would likely have evidentiary support after a reasonable opportunity for further investigation or discovery).  Much of the actual facts about Oasis, specifically that it operated an adult day health care center at 120 Broadway Street, and not a night club at 147 Jackson Street, could have been confirmed by a simple Google search.  Therefore J&J and Attorney Szumowski filed the Complaint in violation of Rule 11(b)(3).

Even had J&J and Attorney Szumowski named the correct corporate entity (which they did not), they would still have had no legal basis for naming Mr. Matov as a defendant in the case.  They alleged no factual basis for piercing the corporate veil against Mr. Matov.  They presented no factual allegations other than legal conclusions that Mr. Matov was somehow involved in the alleged showing of the broadcast at the (wrong) premises.  They, in fact, alleged no factual allegations against Mr. Matov whatsoever other than their baseless and unsupported (and obviously untrue) allegation that Mr. Matov somehow controlled Oasis Night Club.

Even the allegation that Attorney Szumowski told Attorney Shayefar by phone, that Mr. Matov's name was on a liquor license, could not possibly support either Oasis or Mr. Matov being named in the Complaint.  First, the liquor license, to the extent one even exists, would not have shown the address of 147 Jackson as alleged in the Complaint (given that neither Mr. Matov nor Oasis had any operations there).  Second, even if Mr. Matov's name was on a

supposed liquor license, and even if that liquor license was for the establishment that the Complaint alleges showed the broadcast, that is no basis for Mr. Matov being named personally in the lawsuit.  The Complaint was brought for the alleged unauthorized broadcast of a boxing match – that has nothing to do with liquor and had nothing to do with Mr. Matov personally.

It is clear that Mr. Matov was named as a party in this action only to exert undue pressure on and harass Mr. Matov and that his presence in the lawsuit was not warranted under applicable law (or any legitimate argument for extending existing law).  Therefore, the filing of the Complaint was also in violation of Rule 11(b)(1) and 11(b)(2).

Given that J&J and Attorney Szumowski filed the action on the day before the statute of limitations was to run, it is clear that they rushed into filing the Complaint without engaging in any form of reasonable due diligence in the matter.  They found the wrong corporate entity, they mismatched the addresses between the corporate entity and the location they alleged the actionable offense occurred, and they named an individual who would not have been personally liable even if they had named the correct corporate entity.

The Complaint is completely unfounded and has no evidentiary support, as J&J and Attorney Szumowski would have been aware had they engaged in even a rudimentary – and required – pre-filing investigation.  *See Lancellotti v. Fay*, 909 F.2d 15, 18-19 (1st Cir. 1990) (Rule 11 "has rather consistently been read by federal appellate courts to reach groundless but 'sincere' pleadings, as well as those which, while not devoid of all merit, were filed for some malign purpose."); *Chien v. Skystar Vio Pharmaceutical Co.*, 256 F.R.D. 67, 73 (D. Conn. 2009) (sanctioning attorney (in addition to his client) for filing a frivolous complaint, which was filed in good faith but without proper investigation into the legal and factual underpinnings of the claims).  *Ultra-Temp Corp. v. Advanced Vacuum Sys.*, 194 F.R.D. 378, 384 (D. Mass. 2000)

6

(allowing reconsideration of an award of attorney's fees and costs as an appropriate sanction for failing to conduct an adequate prefiling investigation, holding that the plaintiff "violated Rule 11…by failing to do an adequate pre-filing investigation").

Mr. Matov provided J&J and Attorney Szumowski to remedy this extraordinary dereliction of duty by reimbursing him for his attorney's fees.  Attorney Szumowski rejected this opportunity.  She appears to believe that just because she didn't do a proper investigation of the facts and law that neither should have Mr. Matov's counsel.  As a result, Mr. Matov is now forced to bring this Motion and to expend even more on attorney's fees and suffer even greater harassment.  On this basis, as well as all of the foregoing, Attorney Szumowski has also violated 28 U.S.C. § 1927, which states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

## <u>Conclusion</u>

On the basis of the foregoing, Mr. Matov requests that this court impose sanctions upon J&J, Attorney Szumowski and Szumowski Law, P.C. and to award Mr. Matov his costs and attorney's fees (those as set forth in the invoice attached to Attorney Shayefar's Declaration as well as those fees and costs incurred since, including for drafting of this Motion).

Respectfully submitted,

Alex Matov
By his Attorneys,

/s/ Valentin Gurvits, Esq.
Valentin Gurvits, Esq. (BBO# 643572)
Matthew Shayefar, Esq. (BBO# 685927)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (BBO# 564349)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Tel: 617-426-0000
Fax: 617-423-4855
evan@cfwlegal.com

Dated: December 9, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/ Valentin Gurvits, Esq