UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ALEX MATOV, and OASIS COMMUNITY CENTER, INC,<br><br>  Defendants. | Case No.1:16cv11864DPW<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL** |

Plaintiff J & J SPORTS PRODUCTIONS, INC. hereby submits this memorandum in support of the motion to dismiss filed herewith.

I.  BACKGROUND

This action pertains to the unauthorized exhibition of "The One" Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Championship Fight Program, telecast nationwide on September 14, 2013 (the Program) at 147 Jackson Street, Lawrence, Massachusetts in an establishment operating as the Oasis Night Club.

The background and history of this action is set forth in the accompanying Affidavit of Patricia A. Szumowski and is incorporated herein by this reference.

II.  ARGUMENT

On December 2, 6 and 8, 2016, Plaintiff sought to dismiss this action by stipulation of the parties after it appeared that Plaintiff had named the wrong party defendants.  As provided for in Fed.R.Civ.P., Rule 41(a)(1)(ii), a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."  Counsel for Defendant Alex Matov has refused to so stipulate.  Szumowski Affidavit ¶¶ 24-28, 30-31.

As such, Plaintiff moves voluntarily for a court order dismissing this action.  Dismissal by court order is provided for in Fed.R.Civ.P., Rule 41(a)(2), which states, in part, that

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The purpose of Rule 41(a)(2) is to permit, with approval of the court, voluntary dismissal of an action so long as "no other party will be prejudiced." *Doe v Urohealth Systems, Inc.*, 216 F.3d. 157, 160 (1st Cir. 2000) (quoting *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir.1981)). The Court exercises its discretion to ensure that such prejudice will not occur. *Id.*  "Whether, and on what terms, a dismissal without prejudice may be granted, is a matter left initially to the trial court's discretion." *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.1961), cert. denied, 368 U.S. 831 (1961) (citations omitted).

Here, Plaintiff offered to stipulate to dismissal of the Complaint in its entirety, with prejudice, multiple times, including in telephone conversations and emails, on December 2, 2016, December 6, 2016, and December 8, 2016. Szumowski Affidavit ¶¶ 24-28, 30-31.

Plaintiff sought to dismiss this action, with prejudice, and pay Mr. Matov's reasonable attorney's fees actually incurred.  Defense counsel conditioned review of the proposed stipulation of dismissal on confirmation of payment of an excessive and unreasonable amount of attorney's fees. *Id.*

Defense counsel initially demanded Plaintiff pay $10,000.00 in damage, and subsequently reduced the demand to $9,200.00 in attorney's fees after Plaintiff asked for their bill.  Szumowski Affidavit ¶¶ 25, 28 and 29.  Defendant refused to consider the proffered dismissal with prejudice even though Plaintiff reiterated that dismissal would not preclude Mr. Matov's request for attorney's fees.

Plaintiff objected to the Defendant's demand for $9,200.00 in attorney's fees as excessive and unreasonable for a number of reasons. The bill received from Attorney Shayefar in support of the demand for $9,200.00 in attorney's fees is a bill from The Boston Law Group, PC (the "Bill"). The Bill includes time for services rendered before service of process and shows defendant and/or his counsel unreasonably compounded fees. The Bill sets forth (1) $2,025.0 for work the day after the Complaint was filed but before service of process on either Defendant was completed (review of lawsuit, applicable law, and conference with client *but no contact with Plaintiff's counsel to discuss lack of involvement in operations at the 147 Jackson Street, Lawrence establishment alleged in the Complaint on September 14, 2015 or any time thereafter prior to November 21, 2016*), (2) $3,375.00 by Attorney Evan Fray-Witzer, counsel with a second law firm, Ciampa Fray-Witzer, (3) $4,775.00 for work performed from October 9, 2016 – November 10, 2016, *after* Mr. Matov and his counsel learned upon reading the Complaint that the action sought relief for unauthorized exhibition of the Program at the Oasis Night Club at 147 Jackson Street in Lawrence (a business and location Mr. Matov swears Oasis Community Center Inc. did not operate, *see* Affidavit of Alex Matov ¶6, document 15-1) and *before* defense counsel first addressed the issue to Plaintiff's counsel by email (November 21, 2016);[1] and (4) $925.00 relating to a Rule 11 letter.[2]

Plaintiff respectfully requests the Court, in its discretion, determine that the proposed dismissal of the Complaint, in its entirety, with prejudice, provides appropriate legal protection for the defendants. If deemed necessary and appropriate to the dismissal of this action, the Court is requested to limit any award of attorney's fees to $2,500.00 as reasonable in the circumstances.

III.   CONCLUSION

For the foregoing reasons, the Court is respectfully requested to allow this motion.

---

[1]   Of the $4,775.00, $2,250.00 is billed for Attorney Fray-Witzer and is a portion of the $3,375.00 noted above.

[2]   Of the $925.00, $225.00 is billed for Attorney Fray-Witzer and is likewise a portion of the $3,375.00.

|  |  |
|---|---|
|  | Plaintiff J & J SPORTS PRODUCTIONS, INC. |
| Dated: December 14, 2016 | By: /s/ *Patricia A. Szumowski* |
|  | PATRICIA A. SZUMOWSKI BBO #653839 |
|  | Attorney for Plaintiff |
|  | **SZUMOWSKI LAW, P.C.** |
|  | 417 West St., Ste. 104 |
|  | P.O. Box 2537 |
|  | Amherst, MA  01004 |
|  | Telephone: (413) 835-0956 |
|  | pas@szumowskilaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated December 14, 2016                               /s/ Patricia A. Szumowski
                                                      Patricia A. Szumowski