UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEX MATOV, and OASIS COMMUNITY CENTER, INC, <br><br> Defendants. | Case No. 1:16-cv-11864-DPW <br><br><br> **AFFIDAVIT OF** <br> **PATRICIA A. SZUMOWSKI** |

Now comes Patricia A. Szumowski and, making this affidavit under the penalties of perjury, states that the statements made below are true of her own knowledge, information and belief and, so far as the facts are stated to be upon information and belief, she believes such information to be true:

1. I am the attorney of record for the Plaintiff J & J Sports Productions, Inc. herein.

2. This action pertains to the unauthorized exhibition of *"The One" Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Championship Fight Program*, telecast nationwide on September 14, 2013 (the Program) at 147 Jackson Street, Lawrence, Massachusetts in an establishment operating as the Oasis Night Club (the "Oasis"). Complaint ¶¶ 7, 8, 10 -1 13. Document 1.

3. This action was commenced with the filing of the Complaint on September 13, 2016 seeking to redress the unauthorized exhibition of the Program at the Oasis. J & J named as defendants Alex Matov and the Oasis Community Center Inc. in this action based on information provided by an investigator hired by J&J who attests to the exhibition of the Program at the Oasis on September 14, 2013 in an affidavit. A true and correct copy of the Affidavit Manuel Aranibar is attached as Exhibit A.

4. The investigator's affidavit was accompanied by a copy of a Commonwealth of Massachusetts Alcoholic Beverages Control Commission ("ABCC") On Premises License Renewal Application signed by Alex Matov in November 2012. The Application seeks the annual renewal for the 2013 license year

of a "Club" License, #059400054, issued by the City of Lawrence to the Oasis Community Center Inc. for service of all alcohol and identifies the manager as Alex Matov and the email address for the license as "alexmatov@lbcboston.com ." A true and correct copy of the Application signed by Mr. Matov is attached as Exhibit B.

5. In preparing the Complaint in this action, I reviewed and relied on the foregoing Affidavit and liquor license renewal Application in naming the defendants in the Complaint filed herein.

6. I also relied on a pre-filing letter dated October 29, 2013 addressed to Alex Matov and Oasis Community Center, Inc. at 147 Jackson Street, Lawrence, MA. A true and correct copy of the letter is attached as Exhibit C.

7. I had also determined from the Commonwealth's Secretary of State's website that Mr. Matov was the Secretary and a Director of the Oasis Community Center, Inc. at formation in 2010. A true and correct copy of the Articles of Organization (signed by Val Gurvits, one of Defendants' attorneys herein) is attached as Exhibit D.

8. I also learned that Mr. Matov was the Secretary and a Director of the defendant Oasis Community Center, Inc. immediately before and after the September 14, 2013 exhibition of the Program, as indicated in the company's Annual Report filed with the Secretary of State on July 11, 2013 and the company's Statement of Change of Supplemental Information filed December 13, 2013. True and correct copies of the Annual Report and Statement of Change are attached as Exhibits E and F.

9. I also learned prior to filing the Complaint that Alex Matov is also identified as the manager of record on a liquor license issued by the City of Boston to the Russian Benevolent Society for a restaurant operated at 14-20 Linden Street in Boston, MA. A true and correct copy of the ABCC 2016 On Premise License Renewal Application for the Russian Benevolent Society is attached as Exhibit G.

10.    At the time of filing the Complaint and at the filing on November 9, 2016 of the Request for Default of Oasis Community Center, Inc., I believed that the proper defendants to this action were Alex Matov and the Oasis Community Center, Inc., operating at 147 Jackson Street, Lawrence, MA.

11.    At the time of filing the Complaint, I did not appreciate that the Application for the liquor license issued to Oasis Community Center, Inc. stated an address different from the location of the activity for which this action sought relief.   I had not focused on the 120 Broadway stated in the Application and instead relied on the submission of the Application with the investigator's affidavit attesting to exhibition of the Program at 147 Jackson Street and the prefiling letter to the defendants at 147 Jackson Street in naming the defendants herein.  I did not consider the possibility of two licensed "Oasis" clubs operating in Lawrence, MA.[1]

12.    Alex Matov was named a defendant given his officer and director position with the licensee Oasis Community Center and his position as the manager of the licensed operation as indicated on the Application.   In a signal piracy action such as this one, an individual may be held vicariously liable for the acts of a corporation if he had (a) a right and ability to supervise the infringing activities, although he need not actually be supervising, and (b) a direct financial benefit even if not precisely calculable.  *Joe Hand Promotions, Inv. v. Yakubets*, 3 F.Supp.3d 261, 292-296 (E.D.Pa. 2014) (noting that courts have borrowed the two prong test used in the copyright context).  *See, also,  J & J Sports Productions, Inc. v. Imperial Lounge & Sports Bar, et al*, 2012 WL 1356598 (E.D.N.Y. March 30, 2012) (supervisory control and financial benefit sufficient to hold individual owner of corporation named on liquor license liable); and, *Zuffa, LLC v Trappey, et al*, 2012 WL 1014690 *5 (W.D.La. March 22, 2012) (individual defendants admitting they are officers, directors, shareholders, and/or principals of corporation "concede the requisite control and financial interest necessary"for Section 553 liability for unauthorized program).

---

[1]    The Application for renewal of the liquor license held by Oasis Community Center refers to the type of license as a "club" license. *See* attached Exhibit B. Attorney Shayefar states in his November 21, 2016 email that "there were actually two" Oasis clubs in Lawrence.  *See* attached Exhibit J.

13.     Service of process on Oasis Community Center was completed on September 20, 2016.

14.     I am informed and believe that a Middlesex County Sheriff's Deputy attempted service on Mr. Matov on September 21, 2016 at 282 Kendrick Street, Newton, MA but determined the pre-existing home was gone and another under construction.   The Deputy Sheriff completed service on Alex Matov at 1094 Walnut Street, Newton, MA on September 30, 2016. Document 6.

15.     On October 20, 2016, Alex Matov filed his Answer to the Complaint And Affirmative Defenses. Document 7.  At no time prior to the filing of the Answer did Mr. Matov's counsel telephone me to discuss the naming of Alex Matov in the action and whether he was a proper defendant.

16.     On October 31, 2016, the Court issued a Notice of Scheduling Conference set for December 15, 2016.  Document 9.

17.     On November 9, 2016, I spoke over the telephone with Mr. Matov's counsel, Attorney Matthew Sayefar, for the first time.  Attorney Shayefar mentioned his view that Mr. Matov should not be named as a defendant with no apparent basis to pierce a corporate veil, and he indicated that the corporate defendant, Oasis Community Center, was operated as a social hall rented out to third parties. During the conversation, Attorney Shayefar never stated that defendants had no involvement with operations at 147 Jackson Street in Lawrence, MA.  Attorney Shayefar did confirm that his office would not be filing a response to the Complaint on behalf of Oasis Community Center, Inc.  I asked Attorney Shayefar to send me a copy of any rental agreement for September 14, 2013 and the certificate of inspection confirming the capacity of the establishment.   A true and correct copy of my November 9, 2016 email to Attorney Shayefar is attached as Exhibit H.

18.     On November 9, 2016, I requested default of Oasis Community Center, Inc. Document 10.

19.     On November 17, 2016, I again asked about the documentation requested on November 9, 2016 and Attorney Shayefar responded that he would produce the documents when located.  A true and correct copy of the November 17, 2016 emails with Attorney Shayefar is attached as Exhibit I.

20.     On November 21, 2016, Attorney Shayefar emailed my office asserting suit was filed against the "wrong oasis club in Lawrence [and that] [t]here were actually two." A copy of Attorney Shayefar's November 21, 2016 email is attached as Exhibit J.   This was the first notice I had that I might have sued the wrong defendants in this action.   I was not available to discuss the issue that day as I was tied up with other matters needing to be addressed following my preparation for trial scheduled for November 18 and 21, 2016.

21.     On November 22, 2016, I left the state to host 30 members of my family for Thanksgiving with my 87 year old mother in Maine, and returned to the office on November 28, 2016.

22.     On November 28, 2016, I commenced a review of the proper party defendant issue raised in Attorney Shayefar's November 21, 2016 email and responded to defense counsel's inquiry regarding the scheduling conference.

23.     On November 29, 2013, information was requested from the liquor licensing authority in Lawrence, MA regarding the Oasis Night Club.   On that day, I was orally informed that there was no Oasis Night Club operating at 147 Jackson Street and that, instead, the premises operating there was "Motta's Lawrence Country Club, Inc." (Motta's).   I subsequently determined that Motta's is a Massachusetts corporation that was dissolved in 2012.   I also found information on the web that Motta's did business in 2011 using the name "Oasis Night Club."   Documentation subsequently made available on December 9, 2016 indicates that persons other than Alex Matov and the Oasis Community Center, Inc. were engaged in operating a business under the name "Oasis Night Club" at 147 Jackson Street in Lawrence.   Copies of the Corporations Division's Business Entity screen with Motta's last Annual Report filed on January 14, 2009, and the November 2012 license issued to Motta's, are attached as Exhibits K and L, respectively.

24.     On December 1, 2016, I attempted to discuss the party defendant issue with Attorney Shayefar but was unable to reach him by telephone.   I left a voice message indicating I was calling regarding the

claim raised in his November 21 email that the wrong Oasis club was sued and asked him to return my call. Attorney Shayefar did not return my call.

25. Several hours after my voice message, Attorney Shayefar emailed a three page "Rule 11 letter" to my attention. A copy of the letter emailed at 9:15 p.m. on December 1, 2016 is attached as Exhibit M.

26. On December 2, 2016, I spoke with Attorney Shayefar on the telephone and offered to dismiss the Complaint that day, in its entirety, with prejudice. I indicated that Plaintiff would need a stipulation given that Mr. Matov had filed an Answer. Attorney Shayefar would not commit to stipulate to dismissal but indicated he would get back to me Monday or Tuesday. I also indicated that I disputed that defense counsel attorney's fees could be anywhere near the $10,000.00 demanded in the Rule 11 letter but reported that reasonable attorney's fees actually incurred by Mr. Shayefar's office and requested he send me the bill for fees incurred. A true and correct copy of my December 2, 2016 email to Attorney Shayefar is attached as Exhibit N.

27. On December 6, 2016, I sent a further email to Attorney Shayefar along with a proposed Stipulation of Dismissal of the action "in its entirety with prejudice without costs to any party." A true and correct copy of my December 6, 2016 email and the proposed Stipulation of Dismissal is attached thereto are attached here as Exhibit O.

28. Subsequently on December 6, 2016, Attorney Shayefar sent me an email with The Boston Law Group's bill for $9,200.00 in attorney's fees stating he "will review the stipulation [for dismissal] after you confirm payment on the bill." A copy of Attorney Shayefar's email and the Bill is attached as Exhibit P.

29. The bill received from Attorney Shayefar in support of the demand for $9,200.00 in attorney's fees is a bill from The Boston Law Group, PC (the "Bill"). The Bill includes time for services rendered before service of process and shows defendant and/or his counsel unreasonably compounded fees. The Bill sets forth (1) $2,025.00 for work the day after the Complaint was filed but before service of process

on either Defendant was completed (review of lawsuit, applicable law, and conference with client but no contact with Plaintiff's counsel to discuss lack of involvement in operations at the 147 Jackson Street, Lawrence establishment alleged in the Complaint), (2) $3,375.00 by Attorney Evan Fray-Witzer, counsel with a second law firm, Ciampa Fray-Witzer, (3) $4,775.00 for work performed from October 9, 2016 – November 10, 2016, after Mr. Matov and his counsel learned upon reading the Complaint that the action sought relief for unauthorized exhibition of the Program at the Oasis Night Club at 147 Jackson Street in Lawrence (a business and location Mr. Matov swears Oasis Community Center Inc. did not operate, see Affidavit of Alex Matov ¶6, document 15-1) and before defense counsel first addressed the issue to Plaintiff's counsel by email (November 21, 2016), and (4) $925.00 relating to a Rule 11 letter.

30.     On December 8, 2016, I attempted to communicate with Attorney Shayefar by telephone and left voice messages requesting he return my call.

31.     On December 9, 2016, I spoke with Attorney Shayefar over the telephone and reported my concerns about the excessive and unreasonable fees in his bill and reported $9,200.00 would not be paid. I told defense counsel that if Mr. Matov was insisting on payment of $9,200.00 to stipulate to dismissal, then Plaintiff would file a motion to dismiss the Complaint. I encouraged Attorney Shayefar to reconsider the proposed stipulation for dismissal with prejudice, reserving his right to pursue fees. Defense counsel continued to refuse to stipulate to dismissal.

32.     Thereafter on December 9, 2016, I received an email from Attorney Val Gurvits claimin the legal fees are legitimate and defensible transmitting therewith a voluminous filing made in another action seeking $160,000 in fees. A true and correct copy of the Gurvits email (without the attachment) is attached as Exhibit Q.

33.     Still later that day, defense counsel filed Alex Matov's Motion For Sanctions And For Attorney's Fees. Document 15.

Signed under the pains and penalties of perjury this 14th day of December, 2016.

   */s/ Patricia A. Szumowski*
Patricia A. Szumowski

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated December 14, 2016                             /s/ Patricia A. Szumowski
                                                                      Patricia A. Szumowski