## Patricia Szumowski

| | |
|---|---|
| **From:** | Matthew Shayefar <matt@bostonlawgroup.com> |
| **Sent:** | Thursday, December 01, 2016 9:13 PM |
| **To:** | pas@szumowskilaw.com |
| **Cc:** | Evan@CFWLegal.com; Val Gurvits |
| **Subject:** | J&J Sports Productions, Inc. v. Alex Matov et al |
| **Attachments:** | Rule 11 Letter 12-1-16.pdf |

Dear Attorney Szumowski,

Please find attached correspondence regarding the above referenced case.

Very truly yours,

Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

---

The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message. Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com.
In compliance with IRS regulations, we advise you that any discussion of Federal tax issues is not intended or written to be used, and may not be used, by you to avoid any penalties imposed under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed.

EXHIBIT M

# BOSTON LAW GROUP, PC
### ATTORNEYS AT LAW

Main (617) 928-1800    825 BEACON STREET, SUITE 20    Fax (617) 928-1802
NEWTON CENTRE, MASSACHUSETTS 02459

Via First Class Mail and Email

December 1, 2016

Patricia A. Szumowski
Szumowski Law, P.C.
PO Box 2537
Amherst, Massachusetts 01004
pas@szumowskilaw.com

Re:   J&J Sports Productions, Inc. v. Alex Matov et al
      U.S.D.C. Mass Case No. 1:16-cv-11864-DPW

Dear Ms. Szumowski,

As you are aware, this law firm represents Mr. Alex Matov in connection with the above referenced case filed by you on behalf of J&J Sports Productions, Inc ("J&J") against Mr. Matov and Oasis Community Center, Inc. ("Oasis").

The purpose of this letter is to put you on notice of Mr. Matov's intention to seek sanctions against you and your client J&J under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, arising from your failure to properly conduct a pre-filing investigation of the facts or law underlying the claims asserted in your complaint, see, e.g., Fed.R.Civ.P. 11(b)(2) and (3), as well as your request for notice of default against Oasis. Neither Oasis nor Mr. Matov were ever proper defendants in this action, a fact which J&J could have ascertained had it exercised the minimum amounts of care required under the law.

In accordance with Rule 11, Mr. Matov hereby provides you the opportunity to withdraw the Complaint and the default against Oasis before he is forced to expend any additional monies on the defense of this frivolous action. Mr. Matov has already suffered damages inasmuch as he has been forced to expend legal fees in connection with your filing of the Complaint against him and Oasis. As is noted below, we are giving J&J the opportunity to pay those amounts now (along with the dismissal in full of this action) before the amounts become significantly larger.

The basis for this notice is as follows:

First, you have filed suit against the wrong corporate entity and, as a result, the wrong individual associated with that corporate entity. Put simply, *Oasis did not operate the "Oasis Night Club" at 147 Jackson Street in Lawrence, Massachusetts referenced in the Complaint.* Instead, the Oasis that you named as a defendant in this action operated the Oasis Adult Day Health Center and the Oasis Community Center at 120 Broadway in Lawrence, Massachusetts.

During the day, the space was used for an Adult Day Care Center. Although it is true that it also had a community space that it would occasionally rent out for family events, at no time did it present the Floyd Mayweather fight as referenced in the complaint nor would it have been a proper venue for such an event.

To be clear, *you have named the wrong defendants in this action.* Had you engaged in any reasonable review of the facts prior to filing the Complaint you would have seen that Oasis had no operations at 147 Jackson Street and that Oasis was not operating under the name Oasis Night Club and was not showing any fights. Again, Oasis was simply an operator of an adult day care center at a different location than you allege the fight was broadcast. If you had done a simple Google search of Oasis you would have discovered that it is not (and was not) the operator of the Oasis Night Club.

Even had you named the correct corporate entity (which you did not), you would still have had no legal basis for naming Mr. Matov as a defendant in the case. You have alleged no factual basis for piercing the corporate veil against Mr. Matov. You have presented no factual allegations other than legal conclusions that Mr. Matov was somehow involved in the alleged showing of the fight at the (wrong) premises. You have, in fact, alleged no factual allegations against Mr. Matov whatsoever other than your baseless and unsupported (and obviously untrue) allegation that Mr. Matov somehow controlled Oasis Night Club.

In my telephone call with you on November 9, you claimed that Mr. Matov's name was on a liquor license. Oasis did not have a permanent liquor license at 120 Broadway (or in fact any place else). Oasis, as an adult day care center and occasional space for community events, did not even have a bar. While Oasis may have periodically received one-day licenses for special events, if in fact Mr. Matov's name was on any of these one-day licenses, it certainly wasn't for a location 147 Jackson Street. My understanding is that on the rare occasions that a party at the community center called for the service of liquor, Oasis would set up a folding table where it would place the bottles. In short, the Oasis that you named in this lawsuit was not the location for the broadcast of the Mayweather fight and Mr. Matov was not involved even indirectly.

Given that you filed the action on the day before the statute of limitations was to run, it is clear that you rushed into filing the Complaint without engaging in any form of reasonable due diligence in the matter. You found the wrong corporate entity, you mismatched the addresses between the corporate entity and the location you allege the actionable offense occurred, and you named an individual who would not have been personally liable even if you had named the correct corporate entity. It is clear that you named Mr. Matov solely for the purposes of exerting undue and improper pressure for a quick settlement rather than litigate the merits of this case (which, it is clear after a proper investigation, were non-existent).

Furthermore, I emailed you about this issue on November 21, 2016 and you have wholly ignored that email. I take all of this as further evidence of your failure to engage in proper due diligence.

The Complaint is completely unfounded and has no evidentiary support, as you would have been aware had you engaged in even a rudimentary – and required – pre-filing investigation. *See Lancellotti v. Fay*, 909 F.2d 15, 18-19 (1st Cir. 1990) (Rule 11 "has rather consistently been read by federal appellate courts to reach groundless but 'sincere' pleadings, as well as those which, while not devoid of all merit, were filed for some malign purpose."); *Chien v. Skystar Vio Pharmaceutical Co.*, 256 F.R.D. 67, 73 (D. Conn. 2009) (sanctioning attorney (in addition to his client) for filing a frivolous complaint, which was filed in good faith but without proper investigation into the legal and factual underpinnings of the claims).

As a result of your improper actions, Mr. Matov has incurred almost $10,000 in legal fees and expenses. We therefore demand that you immediately dismiss the Complaint against both Mr. Matov and Oasis with prejudice and reimburse Mr. Matov for the damages caused him as a result of your filing of this frivolous action. If you fail to dismiss the action and reimburse Mr. Matov's damages, Mr. Matov will seek sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 and will also vigorously pursue all available remedies he may have in this or another forum once this baseless litigation is concluded.

I await your immediate written response to these demands.

This letter is not intended to constitute, nor shall it be deemed to constitute, a full statement of all facts, rights or claims relating to this matter, nor is it intended, nor shall it be construed as, a waiver, release or relinquishment of any defenses, rights or remedies available to my client, whether legal or equitable, all of which are hereby expressly reserved.

Very Truly Yours,

Matthew Shayefar, Esq.

# Patricia Szumowski

**From:** Patricia Szumowski <pas@szumowskilaw.com>
**Sent:** Friday, December 02, 2016 5:17 PM
**To:** 'Matthew Shayefar'
**Subject:** J&J Sports Productions v. Matov, et al

Attorney Shayefar,

    This email is further to our conversation this afternoon following your December 1, 2016 letter emailed to me at 9:30 p.m. last night. It is unfortunate that you chose not to return my call from earlier yesterday seeking to discuss your November 21, 2016 email and instead sent your letter hours later. While I disagree with characterizations and alleged facts and law stated in your letter, I indicated during our call that I sought to immediately address the pendency of the action and your demands.

    This will confirm that I offered to dismiss the Complaint today in its entirety, with prejudice. This would be pursuant to stipulation since Mr. Matov has appeared and you seem to now be representing the Oasis corporation as well. Vacating the Oasis default does not seem necessary with dismissal but if desired I will request such as well. While I dispute that your fees could be near the $10,000 demanded in your letter, I offered to pay Mr. Matov's reasonable attorney's fees actually incurred in the 2 months of this action and requested your bill for services, and a signed release.

    I look forward to hearing from you.

Patricia A. Szumowski
SZUMOWSKI LAW, PC

<u>Office & Overnight Delivery:</u>
417 West Street, Ste. 104
Amherst, MA 01002

<u>Mailing Address:</u>
PO Box 2537
Amherst, MA 01004

Telephone (413) 835-0956
Facsimile (866) 242-2902
pas@szumowskilaw.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and may be protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by forwarding this e-mail to pas@szumowskilaw.com , or by telephone (413) 835-0956, and then delete the message and its attachments from your computer. Thank you.



EXHIBIT N

## Patricia Szumowski

| | |
|---|---|
| **From:** | Patricia Szumowski <pas@szumowskilaw.com> |
| **Sent:** | Tuesday, December 06, 2016 1:27 PM |
| **To:** | 'Matthew Shayefar' |
| **Subject:** | J&J Sports Productions v Matov |
| **Attachments:** | Stipulation.Dismissal.Prejudice.pdf |
| **Importance:** | High |

Attorney Shayefar,

    Although I have not heard back from you following our telephone call and my email last Friday, I have drafted the attached stipulation of dismissal. Please review same and let me know if I have your approval to file same with the Court.

    As previously requested, please send me a copy of your bill.

Patricia A. Szumowski
SZUMOWSKI LAW, PC

<u>Office & Overnight Delivery:</u>
417 West Street, Ste. 104
Amherst, MA 01002

<u>Mailing Address:</u>
PO Box 2537
Amherst, MA 01004

Telephone (413) 835-0956
Facsimile (866) 242-2902
pas@szumowskilaw.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and may be protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by forwarding this e-mail to pas@szumowskilaw.com , or by telephone (413) 835-0956, and then delete the message and its attachments from your computer. Thank you.

1


EXHIBIT O

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEX MATOV, and OASIS COMMUNITY CENTER, INC, <br><br> Defendants. | Case No. 1:16-cv-11864-DPW <br><br><br> STIPULATION OF DISMISSAL WITH PREJUDICE |

NOW COME the parties in above-captioned action, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and hereby stipulate that the Complaint is dismissed in its entirety with prejudice and without costs to any party.

Dated: December 6, 2016

Plaintiff J & J SPORTS PRODUCTIONS, INC.

By: */s/ Patricia A. Szumowski*
PATRICIA A. SZUMOWSKI BBO #653839
Attorney for Plaintiff
**SZUMOWSKI LAW, P.C.**
417 West St., Ste. 104
P.O. Box 2537
Amherst, MA  01004
Telephone: (413) 835-0956
pas@szumowskilaw.com

Defendants ALEX MATOV and
OASIS COMMUNITY CENTER, INC.
By: */s/ Matthew Shayefar*
Matthew Shayefar, BBO# 685927
BOSTON LAW GROUP, INC.
825 Beacon St., Ste. 20
Newton Centre, MA 02459
Telephone:  (617) 928-1806
Facsimile:  (617) 928-1802
matt@bostonlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated December 6, 2016                                /s/ Patricia A. Szumowski
                                                      Patricia A. Szumowski

## Patricia Szumowski

| | |
|---|---|
| **From:** | Matthew Shayefar <matt@bostonlawgroup.com> |
| **Sent:** | Tuesday, December 06, 2016 3:47 PM |
| **To:** | Patricia Szumowski |
| **Cc:** | Val Gurvits; Evan@CFWLegal.com |
| **Subject:** | RE: J&J Sports Productions v Matov |
| **Attachments:** | Invoice14855.pdf |

Dear Attorney Szumowski,

Please find attached a copy of the bill as requested. I will review the stipulation after you confirm payment on the bill.

Please keep copied on all communications Attorneys Gurvits and Fray-Witzer (copied here).

Thank you,

Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

---

The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message. Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com
In compliance with IRS regulations, we advise you that any discussion of Federal tax issues is not intended or written to be used, and may not be used, by you to avoid any penalties imposed under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed.

**From:** Patricia Szumowski [mailto:pas@szumowskilaw.com]
**Sent:** Tuesday, December 06, 2016 10:27 AM
**To:** Matthew Shayefar <matt@bostonlawgroup.com>
**Subject:** J&J Sports Productions v Matov
**Importance:** High

Attorney Shayefar,
     Although I have not heard back from you following our telephone call and my email last Friday, I have drafted the attached stipulation of dismissal. Please review same and let me know if I have your approval to file same with the Court.
     As previously requested, please send me a copy of your bill.

Patricia A. Szumowski
SZUMOWSKI LAW, PC

**Office & Overnight Delivery:**
417 West Street, Ste. 104
Amherst, MA 01002

**Mailing Address:**
PO Box 2537
Amherst, MA 01004

1

EXHIBIT P

# Boston Law Group, LLP

825 Beacon Street
Suite 20
Newton Centre, MA
02459

---

**Alex Matov**
1094 Walnut St.
Newton MA 02461
United States of America

**Date:** 12/6/2016
**File Number:** 1537/028
**Invoice Number:** 14855

**Re:** Matov v JJ

---

| Date | Initials | Description of Service | Hours | Amount |
|---|---|---|---|---|
| 09/14/2016 | VG | Review lawsuit; review applicable law; conference with client regarding background and regarding possible damages. | 4.50 | 2,025.00 |
| 10/09/2016 | MS | Drafting answer to complaint | 1.00 | 350.00 |
| 10/14/2016 | MS | Review docket and scheduling | 0.25 | 87.50 |
| 10/19/2016 | EFW | Reviewing complaint; calls with Matt; emails with Matt and Val | 1.00 | 450.00 |
| 10/20/2016 | MS | Call w client re case; finalize and file complaint | 0.75 | 262.50 |
| 10/20/2016 | EFW | Redlining answer to complaint; emails with Alex Matov; emails with Matt; emails with Val | 2.50 | 1,125.00 |
| 10/20/2016 | VG | Review answer; office conference re: same. | 0.75 | 262.50 |
| 10/31/2016 | MS | Attn to court order and calendaring deadlines | 0.25 | 87.50 |
| 11/09/2016 | MS | Call w Plaintiff's counsel; email to client re same | 0.25 | 87.50 |
| 11/10/2016 | EFW | Factual investigation re: Oasis Night Club; conference call with Alex Matov | 1.50 | 675.00 |
| 11/10/2016 | VG | Legal research regarding personal liability of liquor license holder for corporate acts and piercing corporate veil. | 2.50 | 1,125.00 |
| 11/10/2016 | MS | Office conference w Evan re multiple issues; conference call w client | 0.75 | 262.50 |
| 11/21/2016 | EFW | Calls with Chrissie; emails with Matt; additional factual research concerning club location and community center location; calls with Matt and Val | 2.00 | 900.00 |
| 11/21/2016 | VG | Conf. with client. | 0.50 | 225.00 |
| 11/21/2016 | MS | Office conferences and emails; research on attorney's fees provisions | 0.75 | 262.50 |
| 11/23/2016 | MS | Office conference re status; email to opp counsel re meet and confer | 0.25 | 87.50 |
| 11/30/2016 | MS | Drafting Rule 11 letter | 1.25 | 437.50 |
| 12/01/2016 | MS | Attn to Rule 11 Letter | 0.50 | 175.00 |
| 12/01/2016 | EFW | Editing and redlining Rule 11 letter | 0.50 | 225.00 |
| 12/02/2016 | MS | Call w Plaintiff's atty re Rule 11 Letter | 0.25 | 87.50 |
| | | **Total Fees** | **22.00** | **$9,200.00** |

**TOTAL NEW CHARGES** $9,200.00

**STATEMENT OF ACCOUNT**

Current Fees     9,200.00

**AMOUNT DUE AND OWING TO DATE**     $9,200.00

PER: _____

**Val Gurvits**

**Patricia Szumowski**

| | |
|---|---|
| **From:** | Val Gurvits <vgurvits@bostonlawgroup.com> |
| **Sent:** | Friday, December 09, 2016 11:04 AM |
| **To:** | Matthew Shayefar; Patricia Szumowski |
| **Cc:** | Evan@CFWLegal.com |
| **Subject:** | RE: J&J Sports Productions v Matov |
| **Attachments:** | 148 - Motion for Attorney's Fees.pdf |

Dear Attorney Szumovski,

I write to follow up on the telephone conversation you had with Attorney Shayefar. Please direct any future communications to me.

We will be filing a Motion for Sanctions and Legal Fees under Rule 11. The basis of this Motion is outlined in our Rule 11 letter.

You initially indicated that you will pay Mr. Matov's legal fees. Today you indicated that you changed your mind. As a professional courtesy, I urge you to reconsider your refusal – putting aside your erroneous claim against the corporate entity, there was absolutely no basis in law or in fact for having named Mr. Matov personally. Attorney Shayefar tried to address this issue over the phone with you at the commencement of this action.

Given that you brought a lawsuit against our client which (if it was meritorious) could potentially result in over $100,000 of damages, we took your complaint very seriously. The defense costs incurred are legitimate and defensible. As an example, please see the attached motion for legal fees for well over $160,000 which we filed recently in a copyright case in Miami.

In light of the clear ignorance of both law and fact in the present action, I think the Court will agree that plaintiff should pay Mr. Matov's defense costs.

Thank you for your attention to the foregoing.

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com

---

The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

EXHIBIT Q